STATE OF WEST VIRGINIA

*v.*

GLENVER L. BOGGESS

(No. 14015)

Decided July 3, 1979.

*Goodwin & Goodwin and Michael I. Spiker* for plaintiff in error.

*Chauncey H. Browning*, Attorney General, *David F. Greene*, Assistant Attorney General, for defendant in error.

HARSHBARGER, JUSTICE:

Glenver L. Boggess pled guilty to a fourth-time driving-while-intoxicated charge, a felony, in the Circuit Court of Jackson County.[1]

His counsel had moved to quash the indictment because it alleged dates of his prior *convictions* for driving while intoxicated rather than dates the *offenses* were committed. The court denied the motion.

---

[1]After his indictment and subsequent plea, *W. Va. Code*, 17C-5-2 was re-written, changing the offense to driving under the influence of alcohol.

He assigns as error here, that the plea is void because the dates of his previous offenses were not specified. He also impeaches the plea because it was not intelligently and voluntarily made.

About the first assignment: the drunk-driving statute states that "A person violating any provision of this section shall, for the third or any subsequent offense, occurring within a five-year period, be guilty of a felony, and, upon conviction thereof, shall be punished by imprisonment in the penitentiary for not less than one nor more than three years." *W. Va. Code*, 17C-5-2.

The statute does not require that dates of the prior offenses be specified in an indictment. It need only identify the offenses (dates and places of convictions for them is sufficient identification to give defendant notice) and state that they were committed within a five year period, as did Boggess' indictment:

> "That GLENVER L. BOGGESS on the 21st day of October, 1971, in the said County of Jackson in the Justice of the Peace Court of the Honorable Enoch J. Staats, Justice of the Peace, Ripley District, Jackson County, West Virginia, was duly and legally convicted of the offense of unlawfully driving and operating a motor vehicle while under the influence of intoxicating liquor, upon a public highway of this State, against the peace and dignity of the State of West Virginia, which conviction became final, and the Grand Jurors aforesaid, upon their oaths aforesaid, do further present that thereafter, to-wit: on the 18th day of November, 1971, the said Glenver L. Boggess, in the said County of Jackson, in the Justice of the Peace Court of the Honorable Enoch J. Staats, Justice of the Peace, Ripley District, Jackson County, West Virginia, was duly and legally convicted of the offense of unlawfully driving and operating a motor vehicle while under the influence of intoxicating liquor, upon a public highway of this State, against the peace and dignity of the State of West Virginia, which conviction became final, and the Grand Jurors aforesaid, upon their oaths aforesaid, do further

present that thereafter, to-wit: on the 20th day of April, 1973, the said Glenver L. Boggess, in the said County of Jackson, in the Circuit Court of Jackson County, was duly and legally convicted of the offense of unlawfully driving and operating a motor vehicle while under the influence of intoxicating liquor, upon a public highway of this State, against the peace and dignity of the State of West Virginia, which conviction became final, and the Grand Jury aforesaid, do further present that thereafter, to-wit: on the 2nd day of October, 1975, and within one (1) year before the finding of this indictment, and within five (5) years from the date of the three (3) offenses above described the said Glenver L. Boggess, in the said County of Jackson did feloniously and unlawfully drive a motor vehicle upon a public highway of this State when he, the said Glenver L. Boggess, was under the influence of intoxicating liquor, against the peace and dignity of the State."

We believe the indictment adequately informed defendant of the offenses upon which it was predicated. He made no effort here, nor below, to show that the actual offenses upon which were based the convictions specified, were beyond the five year period and therefore it was not error for the trial court to refuse to quash the indictment.

Boggess argues that his guilty plea was not knowingly and intelligently entered because the trial court failed to make inquiries of him required by *Call v. McKenzie*, W. Va., 220 S.E.2d 665 (1975), and because he was not advised of the elements of the crime with which he was charged.

*Call* suggested specific inquiries that should be made to prevent later attack on the plea in habeas corpus proceedings; but acknowledged that a trial court's failure to follow these suggestions would not always invalidate a conviction. *Thomas v. Leverette*, W. Va., 239 S.E.2d 500 (1977) interpreted *Call* to "... require the court to determine '... that the defendant understands the nature and meaning of the criminal charge made against

him in the indictment. 220 S.E.2d at 670.' " 239 S.E.2d at 502. *See also, Smith v. O'Grady*, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859 (1941).

The record of the proceeding where the plea was taken demonstrates that defendant entered his plea knowingly and intelligently.[2]

---

[2]Judge Scott asked the following questions of defendant:

"Q Have you talked about it with Mr. Spiker [defendant's lawyer] and discussed this charge?

"A Yes, sir.

"Q Do you understand that you are charged with a felony in this indictment?

"A Yes, sir.

"Q Driving third offense, or forth [sic] offense drunken driving within this county within a five year period; do you understand what you are accused of doing?

"A That's right.

"Q Do you know what the penalty for that crime is if you are convicted?

"A One to three.

. . . .

"Q Has anybody threatened you in any way or placed you in fear of anything to force you to plead guilty to this indictment, that is other than the bargain here to dismiss this other felony charge of drunken driving and to recommend probation?

"Has anybody promised you anything other than that to persuade you to plead guilty?

"A No, sir.

"Q You understand that the recommendation of the probation officer is not binding on me, that you may not get probation, that you may be sentenced to one to three years as provided by law, do you understand that?

"A Yes, sir.

"Q Do you understand that you give up your right to a jury trial if you plead guilty?

"A Yes, sir.

"Q Do you understand that at a jury trial you have no burden to admit anything or any duty to admit anything in this court at any time but the burden is upon the State to prove beyond a reasonable doubt that you are guilty of some crime charged in this indictment; is that clear to you, Mr. Boggess?

"A Yes, sir.

"Q If you plead guilty you will be treated as guilty to the same extent as if you had been found guilty by a jury verdict and that the State has met their burden of proof by competent evidence

The trial court is therefore, affirmed.

*Affirmed.*

beyond a reasonable doubt of you guilt to the satisfaction of all twelve jurors acting unanimously; is that clear?

"A Yes, sir.

"Q Do you understand this indictment, under this indictment you could be found guilty of the lesser included offense of first offense of driving under the influence of intoxicating liqour; do you understand that?

"A Yes, sir.

"Q You could be found guilty at a jury trial of the lesser included offense of second offense driving under the influence of intoxicating liquor; do you understand that?

"A Yes, sir.

"Q If you give up your right to a jury trial however, you are confessing your guilt of the felony charge contained in this indictment and you are giving up the opportunity and chance that you might have to be found guilty of some lesser included offense in this indictment; is that clear to you?

"A That's right. Yes, sir.

"Q Very well, can you assure me, sir, you are pleading guilty to this indictment because you know that you are guilty and believe that you are guilty as charged and for no other reason?

"A Yes, sir, I was drinking.

"Q You know this is your forth [sic] offense of drunken driving charged in this indictment and you admit your guilt of that crime, a felony?

"A Yes, sir.

"Q Very well, you may execute the plea in writing."