387 S.E.2d 832

**STATE of West Virginia**

v.

**Cheryl L. SATTERFIELD.**

No. 18657.

Supreme Court of Appeals of West Virginia.

Dec. 14, 1989.

Timothy L. Sweeney, P.A., St. Marys, for State.

David M. Finnerin, Parkersburg, for Cheryl L. Satterfield.

NEELY, Justice:

The Circuit Court of Pleasants County dismissed a felony indictment of Cheryl L. Satterfield for third offense driving under the influence (hereinafter "DUI") on the grounds that the State had elected to try her on the charge of second offense DUI in magistrate court. On appeal the State maintains that Ms. Satterfield had no entitlement to a trial in magistrate court and the indictment was not the result of legal overreaching. We agree and reverse the circuit court's ruling.

In the early morning of 9 March 1988, Ms. Satterfield was arrested for DUI and taken before a magistrate. After some discussion about the possibility of previous DUI convictions, Ms. Satterfield was charged with DUI, second offense. A hearing was held before a magistrate on 29 April 1988 on Ms. Satterfield's motion to dismiss. The motion was denied and a trial date was set. After the hearing, the assistant prosecutor who actively opposed the dismissal motion at the magistrate hearing informed Ms. Satterfield that he knew of her two previous DUI convictions and offered to forego a felony indictment for DUI, third offense, if she plead guilty to the DUI, second offense pending in magistrate court.[1] Apparently the offer was rejected and the grand jury on 9 May 1988 returned an indictment for third offense felony DUI. Ms. Satterfield was not re-arrested, re-incarcerated or required to post a new bond.

In circuit court Ms. Satterfield's counsel filed a motion to dismiss the third offense felony DUI indictment alleging prior jurisdiction in magistrate court, a defective and

---

1. The assistant prosecutor testified that he learned of Ms. Satterfield's two previous DUI convictions two or three days before the 29 April 1988 hearing.

insufficient indictment and legal overreaching by the State.[2] The circuit court sustained the motion on the grounds that Ms. Satterfield was entitled to a trial in magistrate court and the State was guilty of legal overreaching. After the circuit court's dismissal of the indictment, the charge of DUI, second offense pending in magistrate court, was withdrawn.

## I

Ms. Satterfield argues that she is entitled to trial in magistrate court because the participation of the prosecutor's office in the magistrate court's hearing on her motion to dismiss granted jurisdiction to magistrate court over her for the 9 March 1988 incident.[3] Ms. Satterfield contends that the subsequent attempt to prosecute her on the more serious felony charge was "overreaching" by the State and is prohibited.

■ The prosecuting attorney is vested with discretion in the management of criminal causes, which discretion is committed to him or her for the public good and for vindication of the public interest. Thus, the prosecutor may decide which of several possible charges to bring against an accused. *State ex rel. Skinner v. Dostert,* 166 W.Va. 743, 752, 278 S.E.2d 624, 631 (1981). Before exercising this discretion the prosecutor has a duty to investigate the facts, with care and accuracy, to examine the available evidence, the law and the facts, and intelligently to weigh the chances of successful termination of the prosecution. Then the prosecutor must use his or her discretion "in good faith and without corrupt motivation or influence ... to seek justice...." *Id.*

The prosecutor's discretion in the management of criminal causes includes decisions on what charges to file, against whom, in what court and the type of indictment to be sought, as well as, the order and timing of these activities. *State ex rel. Hamstead v. Dostert,* 173 W.Va. 133, 138, 313 S.E.2d 409, 414 (1984). Although broad, the prosecutor's discretion is not unlimited. For example, the line of demarcation between prosecutorial duty and prosecutorial discretion is probable cause. *Id.* 173 W.Va. 139 at ——, 313 S.E.2d at 415. Similarly, once the prosecutor exercises this discretion and "chose[s] the indictment route, the office must hold to that route until an indictment is secured by again presenting evidence to the original or a subsequent grand jury." *State ex rel. Swanigan v. Cline,* 177 W.Va. 107, 110, 350 S.E.2d 734, 737 (1986).

■ Ms. Satterfield argues that the assistant prosecutor's participation in the magistrate hearing, knowing as he did of her two previous DUI convictions, meant that the prosecutor's discretion had been exercised and the charge, DUI, second offense, chosen.[4] However, the magistrate hearing was held on a motion filed by Ms. Satterfield and not because of an action by the prosecutor's office. The participation of the prosecutor's office in the hearing preserved the ability to plea bargain with Ms. Satterfield. Failure to attend and par-

---

**2.** Although the motion to dismiss discussed only the first two grounds, during oral argument Ms. Satterfield's counsel maintained an additional ground, namely that the State was guilty of legal overreaching.

**3.** Jurisdiction in magistrate court is limited to "misdemeanor offenses committed in the county and to conduct preliminary examinations on warrants charging felonies committed within the county." *W.Va.Code,* 50-2-3 [1983]. Magistrate court and circuit court have concurrent jurisdiction over misdemeanor charges, namely in this case, the DUI, second offense, but the circuit court has exclusive jurisdiction over felonies, namely in this case, the DUI, third offense. *W.Va.Code,* 17C-5-2(h), (i) [1986]. *See* Syllabus Point 3, *State ex rel. Burdette v. Scott,* 163 W.Va. 705, 259 S.E.2d 626 (1979), which states:

Even though W.Va.Code, 50-5-7 (1976), gives exclusive jurisdiction to a magistrate court once the defendant is charged by warrant in that court with an offense within its jurisdiction, this does not mean that the circuit court has no initial jurisdiction over misdemeanor offenses. Concurrent jurisdiction still exists under Article VIII, Section 6 of the West Virginia Constitution, and W.Va.Code, 51-2-2 (1978).

**4.** Ms. Satterfield's second offense DUI charge was based on a complaint filed by a member of the St. Marys municipal police department and the prosecutor's office first appearance was at the 29 April 1988 hearing.

ticipate might have resulted in a dismissal of the charge against Ms. Satterfield.

■ Prosecutorial discretion in the management of criminal causes extends to their order and timing as well as institution. In the present case the defendant through her motion sought to shift control of the order and timing of the case against her from the prosecution to the defense, thereby limiting the prosecutor's discretion. Mere attendance at a preliminary hearing limited to considering a defendant's motion to dismiss does not, in and of itself, limit the prosecutor's discretion.[5]

In *Gilkerson v. Lilly*, 169 W.Va. 412, 420, 288 S.E.2d 164, 169 (1982), we held that our "same transaction test" did not bar a subsequent felony prosecution on the grounds that a misdemeanor conviction was obtained in magistrate court, "unless the defendant moves in magistrate court that the prosecutor proceed on the misdemeanor by indictment and try the defendant on the misdemeanor charge jointly with the felony in the circuit court." In the present case as in *Gilkerson*, we refuse to allow mere legal tactics to take advantage of poor communication and inattention to magistrate court to confound the criminal justice system.

In *Cline v. Murensky*, 174 W.Va. 70, 322 S.E.2d 702, 707 (1984), we refused to preclude the State from seeking an indictment on a second misdemeanor offense arising from the same criminal transaction because "the prosecuting attorney had no knowledge or opportunity to attend that magistrate court proceeding" on the first misde-

meanor. In *Swanigan, supra,* we found that the prosecutor, who sought and was refused a grand jury indictment for simple larceny, a misdemeanor, had chosen an indictment route and was barred from prosecuting the identical charge by information, the customary practice in prosecuting misdemeanor charges.

In the present case the record fails to demonstrate any unreasonable delay prejudicial to the defendant or any action by the prosecutor's office demonstrating a choice of charges before the 9 May 1988 grand jury indictment. Because Ms. Satterfield has no entitlement to be charged with DUI, second offense and the magistrate court lacked jurisdiction over the felony charge, Ms. Satterfield has no right to a trial in magistrate court. The subsequent attempt by the State to prosecute her on the more serious charge was not barred and, therefore, cannot be the basis for a consideration of legal overreaching.

## II

■ Ms. Satterfield contends on appeal that the circuit court's dismissal is justified because the indictment for DUI, third offense, was defective on its face because it failed to state the dates and courts of Ms. Satterfield's previous DUI convictions.[6] Although we agree that the indictment is defective, we note that Ms. Satterfield can be indicted again by presenting evidence to the original or a subsequent grand jury.

■ In Syllabus Point 3, *State v. Hall,* 172 W.Va. 138, 304 S.E.2d 43 (1983), we

---

5. In Syllabus Point 2, *State ex rel. Burdette v. Scott,* 163 W.Va. 705, 259 S.E.2d 626 (1979), /e stated:

W.Va.Code, 50-5-7 (1976), requires that if a defendant is charged by warrant in the magistrate court with an offense over which that court has jurisdiction, he is entitled to a trial on the merits in the magistrate court.

In the present case, once the prosecutor determined that appropriate charge was DUI, third offense, the magistrate court had no jurisdiction over the felony charge and Ms. Satterfield was not entitled to a trial on the DUI, second offense, in magistrate court.

6. On 9 May 1988, the grand jury returned the following indictment in pertinent part:

... [T]hat Cheryl L. Satterfield committed the offense of driving a vehicle in the State of West Virginia while she was under the influence of alcohol on or about the 9th day of March, 1988, in the said County of Pleasants and State of West Virginia, by then and there unlawfully and feloniously driving a vehicle in the State of West Virginia while she was under the influence of alcohol having twice previously been convicted of the crime of driving a motor vehicle while under the influence of alcohol against the peace and dignity of the State in violation of Chapter 17C, Article 5, Section 2(d), of the Code of the State of West Virginia, as last amended.

stated the standards for determining if an indictment is sufficient:

> An indictment for a statutory offense is sufficient if, in charging the offense, it substantially follows the language of the statute, fully informs the accused of the particular offense with which he is charged and enables the court to determine the statute on which the charge is based.

We have consistently held that:

> An indictment charging a statutory offense need not use the precise language of the statute. It is sufficient if the indictment language is substantially equivalent to the statutory language.

Syllabus Point 2, *State v. Beck*, 167 W.Va. 830, 286 S.E.2d 234 (1981).

Driving under the influence is prohibited by *W.Va.Code*, 17C–5–2(d) [1986] which states that "[a]ny person who . . . [d]rives a vehicle in this state while . . . [h]e is under the influence of alcohol . . . shall be guilty of a misdemeanor. . . ." *W.Va.Code*, 17C–5–2(i) [1986] further provides that "[a] person violating any provision of subsection (b), (c), (d), (e), (f) or (g) of this section shall, for the third or any subsequent offense under this section, be guilty of a felony. . . ." *W.Va.Code*, 17C–5–2(j) [1986] then specifies some additional convictions which "shall be regarded as convictions under this section. . . ."[7]

The purpose of requiring the indictment to mirror the statute is to provide the defendant with sufficient information about the nature and cause of the accusation to enable preparation of the defendant's plea and defense. Syllabus Point 1, *State v. Furner*, 161 W.Va. 680, 245 S.E.2d 618 (1978). In Syllabus Point 3, *State v. Loy*, 146 W.Va. 308, 119 S.E.2d 826 (1961), we required that an indictment alleging a prior DUI conviction aver "the former conviction with such particularity as to reasonably indicate the nature and character of the former offense, the court wherein the conviction was had and identif[y] the person so convicted as the person subsequently indicted." *Loy's* requirement of particularity in a DUI indictment reflects a need to provide the defendant with specific information in the indictment to advise him or her of the nature of the charge and to

---

7. In addition to the violations specified in *W.Va. Code*, 17C–5–2(h) (DUI, second offense) & (i) (DUI, third offense) [1986], *W.Va.Code*, 17C–5–2(j) [1986] provides as follows:

(j) For the purposes of subsections (h) and (i) of this section relating to the second, third and subsequent offenses, the following types of convictions shall be regarded as convictions under this section:

(1) Any conviction under the provisions of subsection (a), (b), (c), (d), (e) or (f) of the prior enactment of this section for an offense which occurred on or after the first day of September, one thousand nine hundred eighty-one, and prior to the effective date of this section;

(2) Any conviction under the provisions of subsection (a) or (b) of the prior enactment of this section for an offense which occurred within a period of five years immediately preceding the first day of September, one thousand nine hundred eighty-one;

(3) Any conviction under a municipal ordinance of this state or any other state or a statute of the United States or of any other state of an offense which has the same elements as an offense described in this section, which offense occurred after June tenth, one thousand nine hundred eighty-three; and

(4) A person may be charged in a warrant or indictment or information for a second or subsequent offense under this section, if the person has been previously arrested for or charged with a violation of this section which is alleged to have occurred within the applicable time periods for prior offenses, notwithstanding the fact that there has not been a final adjudication of the charges for the alleged previous offense. In such case, the warrant or indictment or information must set forth the date, location and particulars of the previous offense or offenses. No person may be convicted of a second or subsequent offense under this section unless the conviction for the previous offense has become final.

On appeal Ms. Satterfield argues that only *W.Va.Code*, 17C–5–2(j) [1986] specifies the types of convictions that can be used for in determining DUI, second, third and subsequent offenses. This argument ignores the language of *W.Va. Code*, 17C–5–2(h) and (i) [1986] that states that previous violations of subsections (b), (c), (d), (e), (f) or (g) can be used to determine DUI, second, third and subsequent offenses. We further note that the interpretation of the statute urged by Ms. Satterfield would lead to the absurd result of eliminating recent violations from the determination of second, third and subsequent DUI offenses.

allow adequate plea and defense preparation.

Although we have upheld indictments that lacked some information, indictments to be sufficient must plainly advise the defendant of the nature of the charge. In *State v. Masters,* 179 W.Va. 752, 373 S.E.2d 173, 177 (1988) (a recidivist proceeding based on an indictment containing an incorrect criminal docket number for the prior felony conviction), we refused to find the indictment facially inadequate because the "defendant was clearly and plainly advised of the offense charged" and he was not hampered in preparing his defense. In *State v. Boggess,* 163 W.Va. 320, 256 S.E.2d 325 (1979), we refused to quash an indictment for a felony DUI because the indictment alleged the dates of prior convictions rather than the dates the offenses were committed. In *Boggess, id.,* 163 W.Va. at 322, 256 S.E.2d at 326, we noted that the statute did not require the dates of prior offenses be specified. *See State v. Nester,* 175 W.Va. 539, 336 S.E.2d 187 (1985).

In the present case the indictment failed to provide the defendant with any information concerning her previous convictions and, thus, was insufficient. However, the prosecutor can seek another indictment of Ms. Satterfield from the original or subsequent grand jury. The indictment should include sufficient information on Ms. Satterfield's prior DUI convictions to insure that the she is clearly and plainly advised of the offense charged and so that her plea and defense are not hampered.

For the foregoing reasons, the judgment of the Circuit Court of Pleasants County is reversed and the case is remanded for further proceedings constant with this opinion.

Reversed and Remanded.