**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Levi Thomas,
Respondent below, Petitioner

**v.) No. 24-25** (Brooke County CC-05-2023-C-73)

**Allison Cowden, Prosecuting Attorney**
**of Brooke County, West Virginia,**
**Petitioner below, Respondent**

# MEMORANDUM DECISION

Petitioner Levi Thomas appeals the December 6, 2023, order of the Circuit Court of Brooke County granting a petition for a writ of mandamus filed by the Prosecuting Attorney of Brooke County.[1] The circuit court's mandamus order directed the Magistrate Court of Brooke County to grant the prosecutor's motion to dismiss, without prejudice, misdemeanor charges set forth in Magistrate Court Case No. 22-M05M-01383, thus allowing the State to proceed with the felony charges pending in Circuit Court Case No. 23-F-14 that arose from the same occurrence. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

The petitioner allegedly attempted to stab a deputy sheriff. In Magistrate Court Case No. 22-M05M-01383, he was charged with the misdemeanor offenses of unlawful assault on a government representative, obstructing an officer, and violation of a bond condition. Subsequently, he was indicted by the Brooke County Grand Jury for the felony offenses of attempted malicious assault on a government representative and assault on an officer in Circuit Court Case No. 23-F-14. These two felony offenses in Circuit Court Case No. 23-F-14 and the misdemeanor charges of obstructing an officer and unlawful assault on a government representative in Magistrate Court Case No. 22-M05M-01383 arose out of the same incident with the deputy sheriff.[2]

---

[1] The petitioner appears by counsel Tyler L. Cline, and the respondent appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

[2] As in Magistrate Court Case No. 22-M05M-01383, the indictment in Circuit Court Case No. 23-F-14 further charged the petitioner with the misdemeanor offenses of obstructing an officer and violation of a bond condition. The indictment in Felony Case No. 23-F-14 also charged the petitioner with the felony offense of burglary arising out of a different factual situation.

While each of the two cases remained open, the petitioner and the prosecutor engaged in plea negotiations in an attempt to reach a global settlement.[3] The parties' plea negotiations were ultimately unsuccessful. Therefore, the prosecuting attorney filed a motion to dismiss without prejudice the misdemeanor charges in Magistrate Court Case No. 22-M05M-01383, while the petitioner informed the magistrate court of his willingness to enter no contest pleas to the misdemeanor charges set forth in No. 22-M05M-01383. The magistrate court denied the prosecuting attorney's motion to dismiss and accepted the petitioner's no contest pleas to the misdemeanor offenses of unlawful assault on a government representative, obstructing an officer, and violation of a bond condition. For each misdemeanor count in Magistrate Court Case No. 22-M05M-01383, the magistrate court sentenced the petitioner to a one-year term of incarceration, to be served concurrently. Subsequently, in Circuit Court Case No. 23-F-14, the petitioner filed a motion to dismiss counts two, three, four, and five of the indictment, arguing that because he was already convicted in magistrate court for the same actions that are charged in these felony counts, the counts are barred by double jeopardy principles.

The prosecuting attorney initiated the instant case, an original jurisdiction proceeding in the circuit court, by filing a petition for prohibition seeking to prohibit the magistrate court from enforcing its denial of the motion to dismiss the misdemeanor charges. After a November 23, 2023, hearing, the circuit court construed the petition as seeking mandamus relief and directed the magistrate court to grant the prosecuting attorney's motion to dismiss without prejudice the misdemeanor charges set forth in Magistrate Court Case No. 22-M05M-01383, thus allowing the State to proceed with the felony charges in Circuit Court Case No. 23-F-14. The petitioner now appeals the circuit court's December 6, 2023, order granting the writ of mandamus.

"The standard of appellate review of a circuit court's order granting relief through the extraordinary writ of mandamus is de novo." Syl. Pt. 1, *Staten v. Dean*, 195 W. Va. 57, 464 S.E.2d 576 (1995). To be awarded mandamus relief, the prosecuting attorney had to show that (1) the prosecuting attorney had a clear right to the relief sought, (2) the magistrate court had a legal duty to grant the motion to dismiss without prejudice, and (3) the prosecuting attorney had no other adequate remedy. *See* Syl. Pt. 2, *State ex rel. Kucera v. City of Wheeling*, 153 W. Va. 538, 170 S.E.2d 367 (1969) (setting forth elements for mandamus relief).

On appeal, the petitioner argues that granting the writ of mandamus was erroneous because he has a right to be tried in magistrate court. He cites Syllabus Point 2 of *State ex rel. Burdette v. Scott*, 163 W. Va. 705, 259 S.E.2d 626 (1979), in which this Court held that "[West Virginia Code §] 50-5-7 (1976) . . . requires that if a defendant is charged by warrant in the magistrate court with an offense over which that court has jurisdiction, he is entitled to a trial on the merits in the magistrate court." However, in Syllabus Point 7 of *State ex rel. Games-Neely v. Sanders*, 211 W. Va. 297, 565 S.E.2d 419 (2002), we further held that "[t]he statutory right to trial in magistrate court granted by West Virginia Code § 50-5-7 (1976) (Repl.Vol.2000) cannot be exercised if the misdemeanor trial in magistrate court would bar the felony trial in circuit court, based upon principles of double jeopardy."

---

[3] The petitioner was also charged with other misdemeanor offenses, which were a part of neither Magistrate Court Case No. 22-M05M-01383 nor Felony Case No. 23-F-14.

Moreover, it is well-settled that "[t]he prosecuting attorney is vested with discretion in the management of criminal causes, which discretion is committed to him or her for the public good and for vindication of the public interest. Thus, the prosecutor may decide which of several possible charges to bring against an accused." Syl. Pt. 1, *State v. Satterfield*, 182 W. Va. 365, 387 S.E.2d 832 (1989). In addition, because the petitioner's alleged conduct involving this deputy sheriff was part of the same transaction, Rule 8 of the Rules of Criminal Procedure requires that any counts based on this conduct be prosecuted in a single prosecution. *See* W. Va. R. Crim. P. 8 (providing, in relevant part, that "all such offenses upon which the attorney for the state elects to proceed shall be prosecuted by separate counts in a single prosecution if they are based on the same act or transaction . . . ."). The circuit court, and not the magistrate court, has jurisdiction over the felony indictment in Circuit Court No. 23-F-14.

Under these circumstances, we conclude that the circuit court did not err in ordering the magistrate court to grant the prosecutor's motion to dismiss, without prejudice, the misdemeanor charges in Case No. 22-M05M-01383. Otherwise, the magistrate would be barring the prosecution of the felony indictment pending in circuit court. A writ of mandamus is appropriate because the magistrate court has no authority over the felony indictment, the prosecutor has the right to manage the prosecution, and the prosecutor has no other adequate remedy.[4] Accordingly, we affirm.

Affirmed.

**ISSUED:** October 21, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison

---

[4] As noted by the prosecuting attorney, under *Games-Neely*, 211 W. Va. at 307, 565 S.E.2d at 429, the circuit court is the proper court to address whether any of the misdemeanor charges should be severed from the felony charges and remanded to the magistrate court.