565 S.E.2d 419

**STATE of West Virginia ex rel. Pamela Jean GAMES–NEELY, Prosecuting Attorney for Berkeley County, Petitioner,**

v.

**Honorable David H. SANDERS, Judge of the Circuit Court of Berkeley County, and David T. Gregory, Respondents**

No. 30359.

Supreme Court of Appeals of West Virginia.

Submitted April 2, 2002.

Decided May 24, 2002.

---

Pamela Jean Games–Neely, Prosecuting Attorney, Christopher C. Quasebarth, Assistant Prosecuting Attorney, Martinsburg, for the Petitioner.

Homer A. Speaker, John Adams, Assistant Public Defenders, Martinsburg, for the Respondent, David T. Gregory.

ALBRIGHT, Justice.

The State of West Virginia (hereinafter "State") presents a writ of prohibition seeking to prevent the Honorable David H. Sanders of the Circuit Court of Berkeley County from *sua sponte* reversing that court's prior order denying the motion of Mr. David T. Gregory (hereinafter "defendant") to sever misdemeanor charges which had previously been joined with a felony charge and to remand those charges to magistrate court. Upon thorough review of this matter, this Court finds that the lower court did not abuse its discretion in severing the misdemeanor charges and remanding them for trial in magistrate court. The requested writ of prohibition is consequently denied.

I.   Facts and Procedural History

Subsequent to a July 25, 2000, motor vehicle incident in which the defendant was allegedly operating a motor vehicle while under the influence, the defendant was charged with six misdemeanors and one felony charge initiated in magistrate court.[1]  On August 15,

---

1. The defendant was charged with the felony offense of fleeing from a law enforcement officer, in violation of West Virginia Code § 61–5–17(g) (Supp.2001), and the misdemeanor offenses of (1) DUI (West Virginia Code § 17C–5–2(c)(2) (Supp.2001)); (2) driving with a revoked license (West Virginia Code § 17B–4–3) (1999) (Repl. Vol.2000); (3) driving left of center (West Virginia Code § 17C–7–6) (1999) (Repl.Vol.2000); (4) reckless driving (West Virginia Code § 17C–5–3) (1979) (Repl.Vol.2000); (5) speeding (West Virginia Code § 17C–6–1) (2000) (Repl.Vol.2000);

2000, the State moved to dismiss the misdemeanors based upon the defendant's decision not to waive the misdemeanors up with the felony.

On May 24, 2001, the defendant moved to remand the misdemeanors to magistrate court based upon this Court's decision in *State v. Bruffey*, 207 W.Va. 267, 531 S.E.2d 332 (2000).[2] The lower court denied that motion, with no written order. On May 31, 2001, the defendant filed a petition for a writ of mandamus with this Court, and this Court granted a rule to show cause. Prior to any determination by this Court, the defendant moved to dismiss the petition.

The lower court subsequently reversed itself *sua sponte* and granted the defendant's motion to remand the misdemeanors to magistrate court. The State seeks a writ of prohibition, contending that the lower court abused its discretion by reversing itself *sua sponte* and granting the defendant's motion to remand the misdemeanors to magistrate court. The State argues that such action was inconsistent with the mandatory joinder requirement of West Virginia Rule of Criminal Procedure 8(a)(2).

## II. Standard of Review

This Court explained the utilization of a writ of prohibition as follows in syllabus point one of *State ex rel. Charles Town General Hosp. v. Sanders*, 210 W.Va. 118, 556 S.E.2d 85 (2001):

" ' "[T]his Court will use prohibition ... to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance." Syllabus Point 1, [in part,] *Hinkle v. Black*, 164 W.Va. 112, 262 S.E.2d 744 (1979).' Syllabus point 1, in part, *State ex rel.*

*DeFrances v. Bedell*, 191 W.Va. 513, 446 S.E.2d 906 (1994) [ (per curiam) ]." Syllabus point 1, *State ex rel. Charleston Mail Association v. Ranson*, 200 W.Va. 5, 488 S.E.2d 5 (1997).

In determining whether prohibitory relief is necessary in a particular situation, this Court has employed the analysis explained in syllabus point four of *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996), as follows:

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Based upon this Court's determination that the State has no other adequate means to obtain the desired relief and that this issue is not one which would be correctable on appeal, this Court has entertained this petition for a writ of prohibition.

---

and (6) leaving the scene of an accident involving injury (West Virginia Code § 17C–4–1(a) (1999) (Repl.Vol.2000)). The vehicle operated by the defendant had struck three vehicles while speeding through an intersection in Martinsburg, West Virginia. Five persons in those three vehicles were injured and transported to the hospital.

2. *Bruffey*, discussed below, examines a defendant's right to trial in magistrate court, pursuant to West Virginia Code § 50–5–7 (1976) (Repl.Vol. 2000).

### III. Procedural Joinder Rule

The defendant in the present case was charged with multiple offenses arising from his alleged criminal activity occurring on July 25, 2000. Consistent with Rule 8 of the West Virginia Rules of Criminal Procedure,[3] the one felony and six misdemeanors were joined in one indictment. Rule 8 permits a single trial on similar offenses or multiple offenses arising from the same transaction and spares the defendant the time and expense of multiple trials relating to similar occurrences. *See State ex rel. Watson v. Ferguson,* 166 W.Va. 337, 274 S.E.2d 440 (1980) (discussing advantages of procedural joinder rule).

■ In syllabus point three of *State ex rel. Forbes v. Canady,* 197 W.Va. 37, 475 S.E.2d 37 (1996), this Court explained:

Rule 8(a) of the West Virginia Rules of Criminal Procedure compels the prosecuting attorney to charge in the same charging document all offenses based on the same act or transaction, or on two or more acts or transactions, connected together or constituting parts of a common scheme or plan, whether felonies, misdemeanors or both, provided that the offenses occurred in the same jurisdiction, and the prosecuting attorney knew or should have known of all the offenses, or had an opportunity to present all offenses prior to the time that

jeopardy attaches in any one of the offenses.

Other states have similar or identical rules and have routinely reasoned that Rule 8 "is not inflexible and its protection may be waived." *Commonwealth v. Splain,* 242 Pa.Super. 503, 364 A.2d 384, 386 (1976); see also *Commonwealth v. Green,* 232 Pa.Super. 134, 335 A.2d 493 (1975).

### IV. Severance

■ While the State initially has the duty to join related offenses pursuant to Rule 8, a severance of the offenses may thereafter be requested. In *State v. Hottle,* 197 W.Va. 529, 476 S.E.2d 200 (1996), this Court explained that a determination of the appropriateness of a severance is discretionary with the ruling court. This Court stated:

Even when joinder is proper under Rule 8, the circuit court may order separate trials under Rule 14(a) (1981) of the W.Va. R.Crim.P. on the grounds that such joinder is prejudicial to the defendant. The question of whether to grant severance rests in the sound discretion of the circuit court.

*Id.* at 535–36, 476 S.E.2d at 206–07 (footnote omitted).[4] In syllabus point six of *State v. Mitter,* 168 W.Va. 531, 285 S.E.2d 376 (1981), this Court explained:

The joinder of related offenses to meet possible variance in the evidence is not

---

3. Rule 8(a) provides as follows:

(a) Joinder of Offenses.

(1) Permissive Joinder. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character.

(2) Mandatory Joinder. If two or more offenses are known or should have been known by the exercise of due diligence to the attorney for the state at the time of the commencement of the prosecution and were committed within the same county having jurisdiction and venue of the offenses, all such offenses upon which the attorney for the state elects to proceed shall be prosecuted by separate counts in a single prosecution if they are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan, whether felonies or misdemeanors or both. Any offense required by this rule to be prosecuted by a separate count in a single prosecution cannot

be subsequently prosecuted unless waived by the defendant.

4. In evaluating the merits of motion for severance based upon a Rule 14 motion, a trial court is bound by the following guidance: "A defendant is not entitled to relief from prejudicial joinder pursuant to Rule 14 of the West Virginia Rules of Criminal Procedures when evidence of each of the crimes charged would be admissible in a separate trial for the other." Syl. Pt. 2, *State v. Milburn,* 204 W.Va. 203, 511 S.E.2d 828 (1998), *cert. denied,* 528 U.S. 832, 120 S.Ct. 88, 145 L.Ed.2d 75 (1999). However, the defendant in the present case did not rely upon the severance provisions of Rule 14 in his motion to remand. While this Court finds those standards persuasive, we do not limit our inquiry to consideration of a Rule 14 severance. Rather than basing his request for severance upon prejudice as envisioned by procedural Rule 14, the defendant based his request upon a statutorily-granted right to trial of the misdemeanor counts in magistrate court.

ordinarily subject to a severance motion. In those other situations where there has been either a joinder of separate offenses in the same indictment or the consolidation of separate indictments for the purpose of holding a single trial, the question of whether to grant a motion for severance rests in the sound discretion of the trial court.

See also State v. McGinnis, 193 W.Va. at 161–62 n. 20, 455 S.E.2d at 530–31 n. 20. In *Mitter*, this Court further explained as follows:

> Courts that have addressed the problem have recognized that joinder or consolidation may prejudice the defendant because the jury may tend to cumulate the evidence of the various offenses and convict the defendant on all offenses charged on the theory he is a bad individual rather than weigh the evidence separately on each offense. From the defense standpoint, trial on multiple offenses may make it difficult to establish separate defenses to individual charges. Furthermore, it may inhibit the defendant's ability to testify on his own behalf if he wishes to testify about some of the charges but not about others. *Cross v. United States*, 335 F.2d 987 (D.C.App.1964); *Drew v. United States*, 331 F.2d 85 (D.C.App.1964); 1 Wright, *Federal Practice and Procedure* § 222 (1969). *See also, Meade v. State*, 85 So.2d 613 (Fla.1956); *Hadjis v. Iowa Dist. Court of Linn County*, 275 N.W.2d 763 (Iowa 1979); *Commonwealth v. Slavski*, 245 Mass. 405, 140 N.E. 465 (1923); *Commonwealth v. Tracey*, 137 Pa.Super. 221, 8 A.2d 622 (1939)[.]

168 W.Va. at 543–44, 285 S.E.2d at 383.

### V. Statutory Right to Trial in Magistrate Court

■ The defendant in the present case relied exclusively upon West Virginia Code § 50–5–7 and this Court's decision in *Bruffey* to support his request for remand of the misdemeanor counts to magistrate court. In syllabus point six of *Bruffey*, this Court stated:

> A defendant's right to trial in magistrate court under West Virginia Code § 50–5–7 (1994) attaches when a criminal proceeding has been initiated in that forum. In situations where a plea of not guilty is entered in answer to a traffic or other citation, a criminal proceeding is initiated under the Rules of Criminal Procedure for the Magistrate Courts of West Virginia, not with the filing of the citation, but when a written and verified complaint has been filed and a finding of probable cause has been made by the magistrate.

207 W.Va. at 269, 531 S.E.2d at 334. This Court had previously announced this concept in syllabus point two of *State ex rel. Burdette v. Scott*, 163 W.Va. 705, 259 S.E.2d 626 (1979), as follows: "W.Va.Code, 50–5–7 (1976), requires that if a defendant is charged by warrant in the magistrate court with an offense over which that court has jurisdiction, he is entitled to a trial on the merits in the magistrate court."

■ In attempting to rectify the apparent friction between the statutory right to trial in magistrate court and the procedural joinder rule, a court considering severance must examine how principles of double jeopardy may impact the severance decision.[5] Upon examination, this Court finds that the statutory right to trial in magistrate court granted by West Virginia Code § 50–5–7 cannot be exercised if the misdemeanor trial in magistrate court would bar the felony trial in circuit court, based upon principles of double jeopardy. In effect, the statute operates to make it prejudicial not to grant a separate trial in magistrate court, unless principles of double jeopardy are violated.

This interplay between the procedural joinder rule and principles of double jeopardy has been consistently recognized. In *Watson*, for instance, this Court was confronted with a situation in which the defendant was charged in one indictment with the murder of four persons. 166 W.Va. at 338, 274 S.E.2d at 441. After conviction for one

5. West Virginia Constitution article III, § 5 prohibits placing a defendant in jeopardy twice for the same offense.

of the murders, the defendant argued that double jeopardy barred further prosecution for the other murders. This Court denied that relief in prohibition and explained that "where multiple homicides occur even though they are in close proximity in time, if they are not the result of a single volitive act of the defendant, they may be tried and punished separately under the double jeopardy clause of Article III, Section 5 of the West Virginia Constitution." *Id.* at 352–53, 274 S.E.2d at 448. The Court also formulated a procedural joinder rule,[6] explaining as follows at syllabus point one:

A defendant shall be charged in the same indictment, in a separate count for each offense, if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are two or more acts or transactions connected together or constituting parts of a common scheme or plan.

166 W.Va. at 337, 274 S.E.2d at 440. With specific regard to issues of consistency between a procedural joinder rule and principles of double jeopardy, the *Watson* Court further explained as follows:

It must be stressed, however, that any procedural rule on joinder is not designed to supplant the constitutional double jeopardy doctrine, since this latter doctrine will ultimately determine whether two related offenses are the "same offense" for double jeopardy purposes, which if so found will preclude not only separate trials but also separate punishments.

166 W.Va. at 344–45, 274 S.E.2d at 444.

■■■ Ordinarily, a court rule emanating from our procedural rule-making power renders a conflicting statute inoperative. Syl. Pt. 1, *Stern Brothers, Inc. v. McClure,* 160 W.Va. 567, 236 S.E.2d 222 (1977) ("Under Article VIII, Section 8 [and Section 3] of the Constitution of West Virginia (commonly known as the Judicial Reorganization Amendment), administrative rules promulgated by the Supreme Court of Appeals of West Virginia have the force and effect of statutory law and operate to supersede any

law that is in conflict with them"). However, West Virginia Code § 50-5-7, granting the right to trial in magistrate court, is couched in terms of a right rather than simply a procedural norm. It is designed to grant a person first charged in magistrate court the right to maintain the action in magistrate court. In applying this statute, courts should attempt to provide the statute as much force and effect as possible without impinging upon established double jeopardy principles.

■■■ Thus, our inquiry must proceed to whether it is possible to give the statute effect in the present case without generating a double jeopardy predicament in which it would not be possible for the State to prosecute the defendant on the felony charge without controverting the double jeopardy principles. In syllabus point one of *Conner v. Griffith,* 160 W.Va. 680, 238 S.E.2d 529 (1977), this Court explained:

The Double Jeopardy Clause in Article III, Section 5 of the West Virginia Constitution, provides immunity from further prosecution where a court having jurisdiction has acquitted the accused. It protects against a second prosecution for the same offense after conviction. It also prohibits multiple punishments for the same offense.

In *State v. Gill,* 187 W.Va. 136, 416 S.E.2d 253 (1992), this Court extensively examined the issue of double jeopardy where the same transaction constitutes a violation of more than one statutory provision. In syllabus point four of *Gill,* this Court stated:

"[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932).

In syllabus point eight, the *Gill* Court further elaborated:

In ascertaining legislative intent, a court should look initially at the language of the

---

6. The *Watson* formulation of a procedural joinder rule preceded the adoption of Rule 8 of the

West Virginia Rules of Criminal Procedure, which took effect on October 1, 1981.

involved statutes and, if necessary, the legislative history to determine if the legislature has made a clear expression of its intention to aggregate sentences for related crimes. If no such clear legislative intent can be discerned, then the court should analyze the statutes under the test set forth in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to determine whether each offense requires an element of proof the other does not. If there is an element of proof that is different, then the presumption is that the legislature intended to create separate offenses.

Our examination of statutory offenses in *Cline v. Murensky,* 174 W.Va. 70, 322 S.E.2d 702 (1984), is illustrative. In syllabus point three of *Cline,* this Court held as follows:

> The statutory offenses of brandishing a weapon, *W. Va.Code,* 61–7–10 [1925], and carrying a weapon without a license, *W. Va.Code* 61–7–1 [1975], even when arising from a single criminal transaction, do not constitute the "same offense" under constitutional prohibitions against double jeopardy.

Similarly, in *State v. Johnson,* 197 W.Va. 575, 476 S.E.2d 522 (1996), this Court explained that double jeopardy was not violated where a defendant had pled guilty in magistrate court to the offense of driving left of center and was subsequently prosecuted in

circuit court for DUI, an offense arising from the same incident. This Court found, consistent with the principles enunciated in *Gill,* that the defendant was not being subjected to multiple prosecutions for the same offense where "driving left of center and DUI require proof of different facts." *Id.* at 586, 476 S.E.2d at 533. This Court also observed that the prosecutor "would not have had knowledge of or the opportunity to attend the magistrate court proceeding involving the driving left of center violation." *Id.* at 587, 476 S.E.2d at 534. Thus, "the State was not precluded by the procedural joinder rule from subsequently prosecuting the defendant for first offense DUI." *Id.*

■ As noted above, the defendant in the present case was charged with the felony offense of fleeing from a law enforcement officer, in violation of West Virginia Code § 61–5–17(g) (Supp.2001), and the misdemeanor offenses of (1) DUI (West Virginia Code § 17C–5–2(c)(2) (Supp.2001)); (2) driving with a revoked license (West Virginia Code § 17B–4–3) (1999) (Repl.Vol.2000); (3) driving left of center (West Virginia Code § 17C–7–6) (1999) (Repl.Vol.2000); (4) reckless driving (West Virginia Code § 17C–5–3) (1979) (Repl.Vol.2000); (5) speeding (West Virginia Code § 17C–6–1) (2000) (Repl.Vol. 2000); and (6) leaving the scene of an accident involving injury (West Virginia Code § 17C–4–1(a) (1999) (Repl.Vol.2000)).[7] Our

---

**7.** West Virginia Code § 61–5–17(g) provides:

> Any person who intentionally flees or attempts to flee in a vehicle from any law-enforcement officer, probation officer or parole officer acting in his or her official capacity, after the officer has given a clear visual or audible signal directing the person to stop, and who causes bodily injury to any person during or resulting from his or her flight, is guilty of a felony and, upon conviction thereof, shall be imprisoned in a state correctional facility not less than one nor more than five years.

West Virginia Code § 17C–5–2(c)(2) provides:

> When so driving [DUI] does any act forbidden by law or fails to perform any duty imposed by law in the driving of the vehicle, which act or failure proximately causes bodily injury to any person other than himself or herself, is guilty of a misdemeanor and, upon conviction thereof, shall be confined in the county or regional jail for not less than one day nor more than one year, which jail term is to include actual confinement of not less than twenty-four hours, and shall be fined not less

than two hundred dollars nor more than one thousand dollars.

West Virginia Code § 17B–4–3 provides, in pertinent part: "any person who drives a motor vehicle on any public highway of this state at a time when his or her privilege to do so has been lawfully suspended or revoked by this state or any other jurisdiction is, for the first offense, guilty of a misdemeanor...."

West Virginia Code § 17C–7–6 provides, in pertinent part:

> (a) No vehicle shall at any time be driven to the left side of the roadway under the following conditions:
>
> (1) When approaching the crest of a grade or upon a curve in the highway where the driver's view is obstructed within such distance as to create a hazard in the event another vehicle might approach from the opposite direction;
>
> (2) When approaching within one hundred feet of or traversing any intersection or railroad grade crossing;

review of these statutory violations with which the defendant was charged leads to the conclusion that each offense requires an element of proof that the other does not. Thus, pursuant to *Gill*, there is a presumption that the legislature intended to create separate offenses and there is no double jeopardy violation when those offenses are tried separately.

■ Even though the separate trial of the misdemeanors in magistrate court and the felony in circuit court may entail the offering of evidence of some of the same events in both courts, based upon the principles enunciated in *Bruffey*, we cannot conclude that the lower court abused its discretion in giving this statute effect under circumstances in which the State elected to commence criminal prosecution of the misdemeanors in magistrate court. The mere existence of a potential necessity to prove some of the same facts in two different forums is not determinative of the issue of applicability of West Virginia Code § 50–5–7.

## VI. Summary and Conclusion

In summary, this Court finds that the initial joinder, pursuant to Rule 8, was proper. However, upon the defendant's motion to sever the misdemeanors and remand them to magistrate court, the resolution of that severance issue was within the discretion of the lower court. The defendant based the request for remand upon the right to trial in magistrate court conferred by statute. If application of the statute would prevent trial of the related felony in circuit court based upon constitutional principles of double jeopardy, a lower court could not remand the misdemeanor to magistrate court and would be compelled to retain both the felony and the misdemeanor for trial in circuit court. Where, as in the present case, application of the statute does not create a situation in which separate prosecution for the felony would be barred by principles of double jeopardy, the statutory right to trial of the misdemeanor counts in magistrate court must prevail.

Based upon the foregoing, we deny the requested writ of prohibition and permit the

(3) When the view is obstructed upon approaching within one hundred feet of any bridge, viaduct, or tunnel.

West Virginia Code § 17C–5–3 provides, in pertinent part:

(a) Any person who drives any vehicle upon any street or highway, or upon any residential street, or in any parking area, or upon the ways of any institution of higher education, whether public or private, or upon the ways of any state institution, or upon the property of any county boards of education, or upon any property within the state park and public recreation system established by the director of the department of natural resources pursuant to section three [§ 20–4–3, repealed], article four, chapter twenty of this Code in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

West Virginia Code § 17C–6–1 provides, in pertinent part:

(a) No person may drive a vehicle on a highway at a speed greater than is reasonable and prudent under the existing conditions and the actual and potential hazards. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highways in compliance with legal requirements and the duty of all persons to use due care.

West Virginia Code § 17C–4–1(a) provides, in pertinent part:

(a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and shall remain at the scene of the accident until he or she has complied with the requirements of section three of this article: Provided, That the driver may leave the scene of the accident as may reasonably be necessary for the purpose of rendering assistance to an injured person as required by said section three. Every such stop shall be made without obstructing traffic more than is necessary.

(b) Any person violating the provisions of subsection (a) of this section after being involved in an accident resulting in the death of any person is guilty of a felony and, upon conviction thereof, shall be punished by confinement in a correctional facility for not more than three years or fined not more than five thousand dollars, or both.

(c) Any person violating the provisions of subsection (a) of this section after being involved in an accident resulting in physical injury to any person is guilty of a misdemeanor and, upon conviction thereof, shall be punished by confinement in a county or regional jail for not more than one year, or fined not more than one thousand dollars, or both.

lower court's decision to remand the misdemeanor counts to magistrate court to stand.

Writ denied.