566 S.E.2d 258

**STATE of West Virginia, ex rel. Dennis Nelson HOOSIER, Jr., Petitioner,**

v.

**Honorable Robert A. WATERS, Judge of the Circuit Court of Wood County, and Honorable Virginia A. Conley, Prosecuting Attorney of Wood County, Respondents.**

No. 30435.

Supreme Court of Appeals of West Virginia.

Submitted June 4, 2002.

Decided June 10, 2002.

Carl P. Bryant, Esq., Bryant & White, St. Marys, for Petitioner.

Jodie M. Boylen, Assistant Prosecuting Attorney, Parkersburg, for Respondents.

PER CURIAM.

In this petition for a writ of prohibition, a criminal defendant was indicted in the Circuit Court of Wood County on two misdemeanor charges and one felony charge. The misdemeanor charges had, prior to the indictment, been filed in magistrate court and later dismissed without prejudice. The defendant filed a motion to have those misdemeanor offenses severed from the indictment and remanded to magistrate court for trial. The circuit court denied the motion in a written order, and set the three charges for trial together. The defendant now petitions for a writ of prohibition to halt the enforcement of the circuit court's order.

As set forth below, we grant the defendant's petition because, under West Virginia law, a defendant charged with an offense in magistrate court has a statutory right to have those offenses tried in magistrate court.

## I.

The petitioner, Dennis Nelson Hoosier, Jr., was arrested in Wood County on November 14, 1999, after an altercation with three individuals in the parking lot and building of a local bar. He was charged in magistrate court with three counts of misdemeanor battery. The petitioner was arraigned on that date, and trial was scheduled in magistrate court for March 30, 2000.

Prior to the trial date, the State moved to dismiss all three counts in the magistrate court based upon the State's representation that it intended to seek an indictment in the circuit court on the charges. Subsequently, on September 15, 2000, the petitioner was indicted by a grand jury in circuit court for one count of malicious assault, a felony, and two counts of misdemeanor battery.

On December 6, 2001, the petitioner filed a motion with the circuit court to remand to magistrate court the two misdemeanor charges of battery, arguing that he had been charged in magistrate court with offenses within that court's jurisdiction, and that under West Virginia law he was entitled to a trial on the merits in magistrate court because he had not expressly waived that right. The petitioner also sought to sever each of the three counts from the others.

The circuit court issued an order on January 17, 2002, denying both the petitioner's motion to remand the two misdemeanor battery counts to magistrate court and his motion to sever the counts for trial in the circuit court. The petitioner then filed a petition for a writ of prohibition from this Court to halt the enforcement of the circuit court's order.

## II.

This Court has repeatedly stated that it "will use prohibition ... to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance." Syllabus Point 1, in part, *Hinkle v. Black*, 164 W.Va. 112, 262 S.E.2d 744 (1979). We set forth the following guidelines for determining whether a writ of prohibition is warranted in Syllabus Point 4 of *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996):

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

With these standards in mind, we examine the petitioner's contentions.

The petitioner in the instant case was charged with offenses against three victims arising from his alleged criminal activity on November 14, 1999. Consistent with Rule 8 of the *West Virginia Rules of Criminal Procedure,*[1] the one felony and two misdemean-

---

1. Rule 8(a) of the *West Virginia Rules of Criminal Procedure* [1996] states:

   (a) Joinder of Offenses.
   (1) Permissive Joinder. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character.
   (2) Mandatory Joinder. If two or more offenses are known or should have been known by the exercise of due diligence to the attorney for the state at the time of the commencement of the prosecution and were

ors were joined in one indictment. Rule 8 permits a single trial on similar offenses or multiple offenses arising from the same transaction and spares a defendant the time and expense of multiple trials relating to similar occurrences. *See State ex rel. Watson v. Ferguson*, 166 W.Va. 337, 274 S.E.2d 440 (1980).

■ The State argues that it is mandated, under Rule 8 of the *Rules of Criminal Procedure*, to charge all offenses "based on the same act or transaction" together. We held, in Syllabus Point 3 of *State ex rel. Forbes v. Canady*, 197 W.Va. 37, 475 S.E.2d 37 (1996), that:

Rule 8(a) of the West Virginia Rules of Criminal Procedure compels the prosecuting attorney to charge in the same charging document all offenses based on the same act or transaction, or on two or more acts or transactions, connected together or constituting parts of a common scheme or plan, whether felonies, misdemeanors or both, provided that the offenses occurred in the same jurisdiction, and the prosecuting attorney knew or should have known of all the offenses, or had an opportunity to present all offenses prior to the time that jeopardy attaches in any one of the offenses.

Because the three charges against the petitioner allegedly arose from one "act or transaction," the State argues it should be permitted to try the cases together in circuit court.

The petitioner, however, argues that he is entitled to have the two battery charges tried and resolved in magistrate court because those charges were originally filed in magistrate court. As support for his argument, the petitioner cites to *W.Va.Code*, 50–5–7 [1976] which states that "[e]very defendant charged in a magistrate court in a criminal proceeding which is within the jurisdiction of the court shall have the right to a trial on the merits in the magistrate court." We interpreted the language of this statute in Sylla-

bus Point 2 of *State ex rel. Burdette v. Scott*, 163 W.Va. 705, 259 S.E.2d 626 (1979), as follows: "W.Va.Code, 50–5–7 (1976), requires that if a defendant is charged by warrant in the magistrate court with an offense over which that court has jurisdiction, he is entitled to a trial on the merits in the magistrate court."

■ We recently interpreted *W.Va. Code*, 50–5–7 in *State ex rel. Games–Neely v. Sanders*, 211 W.Va. 297, 565 S.E.2d 419 (2002), where we held, at Syllabus Point 9:

West Virginia Code § 50–5–7 (1976) (Repl.Vol.2000), granting the right to trial in magistrate court, is couched in terms of a right rather than simply a procedural norm. It is designed to grant a person first charged in magistrate court the right to maintain the action in magistrate court. In applying this statute, courts should attempt to provide the statute as much force and effect as possible without impinging upon established double jeopardy principles.

■ Furthermore, we concluded in *State ex rel. Games–Neely v. Sanders* that while Rule 8 imposes upon the State a duty to initially join related offenses, defendants may choose to avail themselves of the statutory right to trial in magistrate court contained in *W.Va.Code*, 50–5–7 when a defendant is originally charged by warrant in the magistrate court. In other words, once a defendant is charged in the magistrate court of a crime that is within the jurisdiction of that court, and the defendant at no time waives his right to be tried in magistrate court, the defendant retains the right to be tried in the magistrate court. Furthermore, should a defendant be indicted on charges that were first brought in magistrate court, but dismissed on the action of the State, the defendant is entitled to have the misdemeanor charges severed from the indictment and remanded to magistrate court. When a de-

committed within the same county having jurisdiction and venue of the offenses, all such offenses upon which the attorney for the state elects to proceed shall be prosecuted by separate counts in a single prosecution if they are based on the same act or transaction or on two or more acts or transactions

connected together or constituting parts of a common scheme or plan, whether felonies or misdemeanors or both. Any offense required by this rule to be prosecuted by a separate count in a single prosecution cannot be subsequently prosecuted unless waived by the defendant.

fendant makes a motion based "upon the right to trial in magistrate court conferred by statute," and when "application of the statute does not create a situation in which separate prosecution for the felony would be barred by principles of double jeopardy, the statutory right to trial of the misdemeanor counts in magistrate court must prevail." 211 W.Va. at 307, 565 S.E.2d at 429.

Applying our holding in *State ex rel. Games–Neely v. Sanders* to the instant case, we find that the petitioner is entitled to a writ of prohibition. The petitioner moved to sever the two misdemeanor charges from the one felony charge, and have the two misdemeanors remanded to magistrate court for trial, based upon his statutory right to trial under *W.Va.Code,* 50–5–7. The State makes no assertion that principles of double jeopardy will be implicated. Accordingly, the circuit court should have granted the motion. We therefore grant the requested writ of prohibition.

### III.

A writ of prohibition is granted, and the respondents are prohibited from initially trying the two misdemeanor counts of battery set forth in the indictment in circuit court. The misdemeanor counts should be remanded to magistrate court for trial, in accordance with *W.Va.Code,* 50–5–7.[2]

Writ Granted.

**2.** The State contends that remanding the misdemeanor counts to magistrate court will result in a duplication of effort by the State, and waste valuable judicial resources. The State takes the position that the petitioner engaged in "one continuous act of aggression" against the three victims, and that the evidence of aggression against one victim is relevant to the aggression against the other victims. The State therefore argues that it will move to have the evidence of the "other crimes" against the other victims introduced under Rule 404(b) of the *West Virginia Rules of Evidence.* In other words, there could be three trials instead of one, each trial using the same witnesses and evidence. The State characterizes this situation as "absurd."

This Court, in *State ex rel. Games–Neely v. Sanders, supra,* carefully examined the *Rules of Criminal Procedure* and *W.Va.Code,* 50–5–7, and concluded that the *Rules* do not preempt the statute. The statutory right to trial in magistrate court is controlling. The State's arguments, therefore, are best addressed to the Legislature.