# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

April 25, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 13-0479** (Marion County 10-F-169)

**Edward Utter,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Edward Utter, by counsel Scott A. Shough, appeals the order imposing sentence and denying petitioner's post-trial motions following his convictions for indecent exposure and attempted abduction. Respondent State of West Virginia, by counsel Laura Young, filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted by the grand jury in October of 2010, charged with two counts of attempted abduction of a child near a school and three counts of indecent exposure. One count of the felony attempted abduction and one count of indecent exposure relate to an incident involving a female under the age of sixteen, on September 18, 2009. The other felony count of attempted abduction and one count of indecent exposure relate to an incident involving another female under the age of sixteen, on October 2, 2009. The final count of indecent exposure relates to an incident on November 12, 2009, involving an adult female. Petitioner denied engaging in these acts.

Petitioner's counsel filed pre-trial motions to sever the various counts of the indictments and to present expert testimony on the issue of eyewitness identification. The trial court denied the motion for separate trials and ruled that although petitioner could retain an expert for purposes of preparing for trial, the expert would not be allowed to present expert testimony on the reliability of eyewitness identification at trial. The circuit court determined that the incidents were similar enough in time, manner, and place that joinder was not unfairly prejudicial. In regard to the expert, the circuit court determined that the proposed evidence from petitioner's witness was not of such a scientific, technical, or specialized nature so as to aid the trier of fact and further found that the testimony was not relevant to the reliability of eyewitness testimony.

1

At the conclusion of a two-day trial, the jury returned a verdict of guilty on one count of felony attempted child abduction, guilty of all three counts of indecent exposure, and not guilty of the remaining count of attempted child abduction. On or about January 18, 2013, petitioner filed a post-trial motion requesting a new trial. That motion was denied by order of the circuit court entered on March 21, 2013. The amended sentencing order, entered on April 4, 2013, sentenced petitioner to one to three years of imprisonment for attempted abduction of a child near a school and one year for each count of indecent exposure. The sentences for the three counts of indecent exposure were ordered to be served consecutively, with credit for time served. Those sentences were to run consecutively to the sentence for attempted abduction. The order also states that petitioner shall not receive good conduct credit for the 834 days served on home incarceration. Petitioner appeals from those orders.

This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands. Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, in part, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). In addition,

> """[a]lthough the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence." Syl. pt. 4, *Sanders v. Georgia–Pacific Corp.,* 159 W.Va. 621, 225 S.E.2d 218 (1976).' Syllabus point 1, *Andrews v. Reynolds Memorial Hospital, Inc.,* 201 W.Va. 624, 499 S.E.2d 846 (1997)." Syllabus point 1, *Lively v. Rufus,* 207 W.Va. 436, 533 S.E.2d 662 (2000).

Syl. Pt. 1, *State v. White*, 228 W.Va. 530, 722 S.E.2d 566 (2011).

In his appeal, petitioner asserts two assignments of error. First, petitioner argues that the trial court erred in denying his motion for separate trials in regard to each count of the indictment. Petitioner argues that Rule 14(a) of the West Virginia Rules of Criminal Procedure requires that a circuit court give significant consideration to granting severance where the joint trial would raise so many issues that the jury may convict the defendant on the theory or thought that he was simply a bad man. Petitioner also argues that evidence of the various counts in the indictment constituted Rule 404(b) evidence that should not have been admissible. West Virginia Rule of Evidence 404(b).

We review a trial court's evidentiary rulings under an abuse of discretion standard. Syl. Pt. 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998). Rule 14(a) states that

> [i]f it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of the counts or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the state to deliver to the court for inspection in camera any statements or confessions made by the defendant or other relevant information which the state intends to introduce in evidence at the trial.

West Virginia Rules of Criminal Procedure 14(a). "The question of whether to grant severance rests in the sound discretion of the circuit court." *State ex rel. Games-Neely v. Sanders*, 211 W.Va. 297, 303, 565 S.E.2d 419, 425 (2002). Further, "[a] defendant is not entitled to relief from prejudicial joinder pursuant to Rule 14 of the West Virginia Rules of Criminal Procedure when evidence of each of the crimes charged would be admissible in a separate trial for the other." *Id.* (quoting Syl. Pt. 2, in part, *State v. Milburn*, 204 W.Va. 203, 511 S.E.2d 828 (1998), *cert. denied*, 528 U.S. 832 (1999)). Rule 404(b) of the West Virginia Rules of Evidence addresses evidence of "other crimes, wrongs, or acts" that may not be used to prove the character of a person in order to show that he or she acted in conformity therewith.

The evidence admitted at trial does not fall under the ambit of Rule 404(b), as it relates to the crimes for which petitioner was being tried. In each instance, petitioner is accused of exposing himself to females in the vicinity of a school, and in two instances trying to abduct the minor victims. Clearly, the actions associated with these crimes are not "other crimes, wrongs, or acts." Even if the counts of the indictment had been tried separately, evidence of those crimes would have been admissible at each trial, as they are of the same or similar character and constitute a common scheme or plan. *See* Syl. Pt. 1, *Cline v. Murensky*, 174 W.Va. 70, 322 S.E.2d 702 (1984). (quoting Syl. Pt. 1, *State ex rel. Watson v. Ferguson*, 166 W.Va. 337, 274 S.E.2d 440 (1980) (superseded by unrelated Rule)). Upon a review of the record, the parties' arguments, and applicable law, we find that the circuit court did not abuse its discretion in denying the motion to sever or in the introduction of the evidence at issue during the trial of this matter.

Petitioner's second assignment of error is his contention that the circuit court erred in denying his motion to present expert testimony on the issue of the reliability of eyewitness identification. Petitioner argues that the only evidence against him was the eyewitness identification of him as the perpetrator, along with the fact that he was in the area at the time of the offenses. Therefore, he contends that the issue of eyewitness identification and credibility of such testimony was of critical importance. Petitioner was granted permission to retain an expert in eyewitness identification for trial preparation but was denied the opportunity to present the expert's testimony at trial. However, petitioner asserts that the trial court's order denying the motion to present such testimony did not meet the requirements of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Petitioner is also critical of the out-of-court identification through a photographic lineup.

When considering the admissibility of novel scientific evidence, circuit courts employ a two-part analysis:

> When scientific evidence is proffered, a circuit court in its "gatekeeper" role under *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and *Wilt v. Buracker,* 191 W.Va. 39, 443 S.E.2d 196 (1993), *cert. denied,* [511] U.S. [1129], 114 S.Ct. 2137, 128 L.Ed.2d 867 (1994), must engage in a two-part analysis in regard to the expert testimony. First, the circuit court must determine whether the expert testimony reflects scientific knowledge, whether the findings are derived by scientific method, and

3

whether the work product amounts to good science. Second, the circuit court must ensure that the scientific testimony is relevant to the task at hand.

Syl. Pt. 4, *Gentry v. Mangum*, 195 W.Va. 512, 466 S.E.2d 171 (1995). In addition, "[a] trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard." *State v. Flack*, 232 W.Va. 708, ___, 753 S.E.2d 761, 768 (2013) (quoting Syl. Pt. 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998).

In this case, petitioner's trial counsel wrote a letter to the circuit court indicating that both he and the State agreed that the written submissions before that court were sufficient to allow the court to rule on the admissibility of the expert testimony. The circuit court then issued its order denying the admissibility of the testimony. In the record before this Court, petitioner failed to provide the name of the expert, the expert's qualifications, the expert's curriculum vitae, the courts in which the expert had previously testified as an expert, the expert's field of expertise, the scientific methodology upon which the expert based conclusions, or any conclusions about the eyewitness identifications at issue. The circuit court determined that the evidence propounded was not of such a scientific, technical, or specialized area to assist the trier of fact. Based on our review of the record, we cannot find that the circuit court abused its discretion in denying the admissibility of the proposed testimony.

> In determining whether an out-of-court identification of a defendant is so tainted as to require suppression of an in-court identification a court must look to the totality of the circumstances and determine whether the identification was reliable, even though the confrontation procedure was suggestive, with due regard given to such factors as the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

Syl. Pt. 3, *State v. Casdorph,* 159 W.Va. 909, 230 S.E.2d 476 (1976), *vacated on other grounds as stated in State v. Persinger,* 169 W.Va. 121, 286 S.E.2d 261 (1982). In this instance, all three victims independently identified petitioner in a photo lineup, and there was only a short time between the crimes and the identifications. Petitioner has not demonstrated that the respective identifications were so tainted that they required suppression at trial. Therefore, we find no error in the circuit court's admission of the identifications.

Because the sentence imposed by the circuit court was within statutory limits and petitioner does not challenge the sentence itself, we conclude that the circuit court did not abuse its discretion in imposing sentence upon petitioner as set forth in its April 4, 2013, amended sentencing order. In addition, we find that the circuit court did not err in refusing to grant a new trial to petitioner.

For the foregoing reasons, we affirm.

4

                                                          Affirmed.


**ISSUED:**  April 25, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II