# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 17-0459** (Wirt County 14-F-26)

**Jeffrey S.,**
**Defendant Below, Petitioner**

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jeffrey S., by counsel Reggie R. Bailey, appeals the Circuit Court of Wirt County's April 21, 2017, order denying his Rule 35(b) motion for reduction of sentence.[1] The State, by counsel Sarah B. Massey, filed a response. On appeal, petitioner argues that the circuit court erred in denying his motion for reconsideration without making findings of fact or conclusions of law and without holding a hearing on the motion.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2014, petitioner was indicted for five counts of operating a clandestine drug lab, one count of possession of precursors for manufacturing of methamphetamine, one count of exposure of a child to methamphetamine manufacturing, five counts of third-degree sexual assault, and five counts of sexual abuse by a person in position of trust in relation to a child. "The charges stemmed from the allegation that petitioner manufactured methamphetamine and engaged in sexual intercourse with a thirteen-year-old child who lived in his home." *State v. Jeffrey S.*, No. 15-1222, 2016 WL 6678992 (W.Va. Nov. 14, 2016)(memorandum decision). In March of 2015, petitioner entered into a plea agreement with the State whereby he agreed to plead guilty to one count of operating a clandestine drug lab and one count of sexual abuse by a person in position of trust in relation to a child in exchange for the dismissal of the remaining charges. The circuit court subsequently sentenced petitioner to not less than two years nor more than ten years of incarceration for operating a clandestine drug lab and not less than ten years nor more than

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

twenty years for sexual abuse by a person in position of trust in relation to a child. The circuit court ordered these sentences to run consecutively and placed petitioner on thirty years of supervised release upon his release from confinement. Petitioner filed a direct appeal, and we affirmed his sentence on November 14, 2016. *Id.*

On April 14, 2017, petitioner moved the circuit court to reconsider his sentence. In support of this motion, petitioner argued that a legislative goal is rehabilitation rather than incarceration, that his incarceration thus far has "had a meaningful impact upon" him, that he has completed sex offender education, that he was considered low risk to reoffend at the time of his sentencing, that his grandmother is ill and he would like to be able to assist her, that he believes he could be employed by his prior employer if released from custody, that he completed his high school equivalency degree, that he has actively participated in Alcoholics Anonymous/Narcotics Anonymous classes, that he has completed other sex offender and drug treatment classes and continues to be enrolled in those types of classes, that he has worked while incarcerated, and that he wrote an apology letter to the victim, which he wrote for the circuit court's consideration because he is not permitted contact with the victim. Petitioner appended certificates memorializing his completion of the various classes and other accomplishments, as well as the letter to the victim. The circuit court denied the motion without holding a hearing by order entered on April 18, 2017, which stated only that "[a]fter maturely considering said [m]otion, the [c]ourt, does hereby ORDER that said motion be denied." It is from this order that petitioner appeals.

Petitioner advances two arguments on appeal. First, the circuit court erred in denying the motion without making findings of fact or conclusions of law sufficient to enable meaningful appellate review. Second, the circuit court erred in not holding a hearing on his motion.

We have previously established the following standard of review regarding orders that deny Rule 35 motions:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Marcum*, 238 W.Va. 26, 792 S.E.2d 37 (2016). The deference we accord rulings on Rule 35 motions is in line with the deference accorded to trial courts in sentencing matters generally:

> The abuse of discretion standard on Rule 35 motions continues the deference we have traditionally accorded trial courts in matters of sentencing. *See* Syl. pt. 12, *State v. Broughton*, 196 W.Va. 281, 470 S.E.2d 413 (1996) ("[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review"); Syl. pt. 9, *State v.*

*Hays*, 185 W.Va. 664, 408 S.E.2d 614 (1991); Syl. pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982).

*Head*, 198 W.Va. at 301, 480 S.E.2d at 510.

Against this backdrop, we find no abuse of discretion in the circuit court's denial of petitioners Rule 35(b) motion. While petitioner argues that the state of the circuit court's order precludes him from determining whether it considered any of his asserted facts or circumstances for relief or applied the law to any of them, the court's order specifically provides that it "maturely consider[ed] said [m]otion" but found no basis for a reduction of his sentence.

Moreover, petitioner's instant Rule 35(b) motion was his third such motion. One of the policies furthered by Rule 35(b) is "protect[ing] the sentenc[ing] court from repetitious motions for sentence reduction by setting a time beyond which motions may not be received." Trisha Zeller, *2 Handbook on West Virginia Criminal Procedure* 21-330 3rd ed. 2017.

> Procedurally, a W.Va. R. Crim. P. 35(b) motion to reduce a sentence may only be used to reduce a sentence within 120 days after the sentence is imposed or probation invoked, *or* within 120 days after the entry of a mandate by [this Court] upon affirmance of a judgment of a conviction[.]

*Id.* (emphasis added.) Petitioner filed two Rule 35(b) motions prior to our affirmance of his sentence in his direct appeal. Following the issuance of the mandate in his direct appeal, petitioner filed the subject Rule 35(b) motion. Consequently, we find that petitioner "has received more than he is entitled to under Rule 35(b)." *State v. Robey*, No. 13-0081, 2014 WL 901746, *4 (W.Va. Mar. 7, 2014)(memorandum decision) (holding that the appellant's two prior Rule 35(b) motions provided an additional basis to affirm the denial of his third Rule 35(b) motion). For this reason, and because petitioner's sentences are within statutory limits, we find no error in the circuit court's denial of his third Rule 35(b) motion. *See Goodnight*, 169 W.Va. at 366, 287 S.E.2d at 505.

We similarly find that the circuit court did not err in ruling on petitioner's Rule 35(b) motion without holding a hearing. We have previously upheld the propriety of ruling on Rule 35(b) motions without a hearing, and petitioner acknowledges that "a hearing is not necessarily guaranteed on all Rul[e] 35 [m]otions." *See State v. King*, 205 W.Va. 422, 425, 518 S.E.2d 663, 666 (1999) (finding that the circuit court did not abuse its discretion by not holding a hearing on the appellant's Rule 35(b) motion). Accordingly, petitioner is not entitled to relief on this ground.

For the foregoing reasons, the circuit court's April 21, 2017, order denying petitioner's Rule 35(b) motion is hereby affirmed.

Affirmed.

**ISSUED**: April 9, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker